IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| TAMMY HUFFINS, | * |
| Plaintiff, | * |
| v. | * No. 2:25-cv-00049-JJV |
| Frank Bisignano,<br>Commissioner of the<br>Social Security Administration, | * |
| Defendant. | * |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Tammy Huffins, appeals the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income (SSI). Both parties have submitted briefs, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the record in this matter, I find the Commissioner's decision is supported by substantial evidence and this matter should be DISMISSED.

Plaintiff was forty-one years old at the time of the administrative hearing. (Tr. 47.) She testified she quit school in the ninth grade (*id.*) and had engaged in factory work for many years. (Tr. 46.) But given her lack of earnings, the Administrative Law Judge (ALJ) concluded that, by definition, Ms. Huffins had no past relevant work. (Tr. 22, 46.)

The ALJ[1] first found Plaintiff had not engaged in substantial gainful activity since December 20, 2021 – the date she filed for benefits. (Tr. 19.) The ALJ next determined Ms. Huffins had "severe" impairments in the form of "bipolar disorder, PTSD, anxiety disorder, and vision impairment." (*Id.*) However, she found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-21.)

The ALJ assessed that Ms. Huffins had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> she can maintain concentration, persistence, or pace for two-hour intervals to perform simple, routine, repetitive tasks, working with things, and not requiring ongoing interaction with the public or a fast production pace. The claimant can maintain appropriate interaction with supervisors and coworkers on an occasional basis and can adapt to occasional changes. She can perform work that does not require far visual acuity. The claimant can never climb ladders, ropes, or scaffolds or work at unprotected heights.

(Tr. 21.)

Since Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 220 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

impairments. (Tr. 61-63.) Based in part on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of linen room attendant and rug drying room attendant. (Tr. 24.) Accordingly, the ALJ determined Ms. Huffins was not disabled. (Tr. 25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-16.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Huffins argues that the ALJ failed to fully consider whether she is intellectually disabled. (Doc. No. 11 at 24-28.) She argues, "Huffins suffers from diminished intellectual functioning. Despite evidence indicating that she may meet the criteria for automatic disability under Listing 12.05B for intellectual disability, the ALJ never considered whether Huffins is disabled under that listing." (*Id.* at 24.) She further argues that the ALJ erred in failing to consider the opinions of her doctors that evaluated her as early as 2009. (*Id.* at 28-31.)

The Commissioner counters, "The relevant period for Plaintiff's SSI claim begins with her application date of December 20, 2021, and runs through May 5, 2024, the date of the ALJ's decision." (Doc. No. 13 at 4.) The Commissioner goes on to argue:

> First, the ALJ was not required to consider the remote diagnosis of mild mental retardation from February 2009, because Plaintiff did not even allege intellectual disability or mild mental retardation as a basis for her SSI application (Tr. 268). Instead, she alleged that she became disabled in September 2021 due to PTSD, bipolar disorder, and hard-to-understand speech (Tr. 257, 268). Further, Plaintiff's attorney confirmed at the November 2023 hearing that Plaintiff was alleging disability due to PTSD, bipolar disorder, and some speech problems (Tr. 45, 47). Indeed, at no point during the administrative process, did Plaintiff or her attorney allege mild mental retardation or low IQ scores as a basis for disability. Therefore, the ALJ was not required to consider or investigate the very remote diagnosis as a basis for disability.

(*Id.* at 5.)

I find the Commissioner's argument to be highly persuasive. It is unfair to expect the ALJ to consider an impairment that was not alleged during the application process nor identified at the administrative hearing. At the hearing, the ALJ asked Plaintiff to say – in her own words – why she was "unable to do any type of work." (Tr. 47.) Ms. Huffins answered, "Some of my medicines I'm on it makes me where I'm easily distracted, I can't keep up, I stay tired a good bit." (*Id.*) On examination by her attorney, Ms. Huffins explained she was being seen by a mental health counselor and reported she had side effects from her medications. (Tr. 47-52.) Later in her testimony, the following exchange occurred:

Q. Okay. When the Judge asked you about why you believe you couldn't work, one of the things you said was -- I believe you said concentration or --

A. I can't hold concentration very long at a time.

Q. And distraction, do people distract you?

A. Sometimes.

Q. Did they at work when you were trying to work?

A. I mean, when they're behind me talking and catch my attention, then I'd lose my attention to what I was doing. And I never finish it. Or I was going too slow to finish it, so they kept moving me around to other things that they said I couldn't keep up with, then they put me doing some wrapping up pallets and stuff like that and then having three or four at a time to do. I couldn't keep up with none of it.

(Tr. 52-53.)

Plaintiff fails to complain of anything that would give the ALJ notice she was claiming intellectual disability. Rather, her testimony led the ALJ to find she was limited in her ability to concentrate, had difficulty interacting with the public, and keeping up a fast production pace – as was all accounted for in the ALJ's RFC assessment. (Tr. 21.)

Additionally, I agree with the Commissioner as to the evidence showing Plaintiff's mental status examinations were generally normal and showed no impairment in cognition, speech, thought impairment, logical thought processes, and showed Ms. Huffins had average intelligence, was fully oriented, had normal memory, and good insight and judgment. (Tr. 444-445, 455-456, 464-465, 472, 479, 486, 589, 592, 595, 598, 605, 615, 624, 629, 634, 639, 644, 649, 671, 694, 700, 703, 706, 710, 712, 715, 718, 721, 724.) Treatment notes also regularly reported Ms. Huffins having "No limitations" functionally. (Tr. 465, 472, 480, 486, 615, 624, 629, 634, 639, 644, 649, 672, 695). And the Mental Diagnostic Evaluation performed by Samuel Hester, Ph.D., revealed nothing that could be considered disabling. (Tr. 734-740.) Accordingly, I find no merit to Plaintiff's arguments.

Counsel for both sides have done exemplary work on behalf of their respective clients. But the evidence provides substantial support for the ALJ's determination that Ms. Huffins is not disabled.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

5

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 24th day of September 2025.

_____
JOE J. VOLPE